UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY - 9 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Xavier Flores,                )
                              )
    Plaintiff,                )
                              )
        v.                    )   Civil Action No. 13 0667
                              )
U.S. Congress *et al.*,       )
                              )
    Defendants.               )
                              )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's three *pro se* complaints submitted to the Clerk on April 4, 2013, which are consolidated into this one civil action. Plaintiff's accompanying application to proceed *in forma pauperis* will be granted and the case will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a homeless individual who recently had more than 30 highly flawed complaints, some lodged with the Clerk on the same or next day, dismissed. *See, e.g., Flores v. Medicaid*, No. 13-546 (UNA) (D.D.C. Apr. 23, 2013) (dismissing five consolidated complaints). In this action, as with the others, plaintiff purports to sue under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. He sues the U.S. Congress to compel longer library hours. In addition, plaintiff sues separately the United States District and Bankruptcy Courts for the District of Columbia and the U.S. Marshal, but his statements set forth in those two

1

complaints are incomprehensible. In the complaint against the U.S. Marshal, plaintiff demands $10 million.

The law is clear that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *accord Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable for decision.") (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). The instant complaints satisfy this standard. Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: May 7, 2013

United States District Judge